**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

-vs-                                              Case No.   2:04-cv-531-FtM-33SPC

MANUEL M. VAZQUEZ,

                Defendant.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the *Pro Se* Defendant Manuel M. Vasquez's Motion for Clemency and Waiver from the Court (Doc. # 18) filed on August 9, 2005.  As grounds for the request, the Defendant states that he had no intent to break the law and therefore, he seeks an interview with the Court to explain why no forfeiture penalty should be imposed in his case.  Since the Defendant seeks an interview to present oral argument on the issues, the Court will construe the Motion for Clemency and Wavier as a motion for a hearing.

      Under the Federal Communications Act of 1934 (the Act), as amended 47 U.S.C. § 301, the Federal Communications Commission (FCC) has the authority to issue a forfeiture penalty of up to $10,000.00 for violation of the Act or the FCC's rules. 47 U.S.C. § 503.  If the violator refuses to pay, the Act requires the agency to file suit through the U.S. Attorney's Office in the district court. 47 U.S.C. § 504(a). On October 29, 2004, the Federal Communications Commission (FCC) filed a complaint through the U.S. Attorney's Office (Doc. # 1) to collect an administrative penalty against the Defendant Vasquez for violating Section 301 of the Act by operating radio transmission equipment located at 2408 Linwood Avenue, Naples, Florida, without a license.

The instant case is in the very early stages, no discovery has occurred, and no dispositive motions have been filed with the Court for review. In assessing the forfeiture penalty under § 301, all the statutory factors must be taken into account, including the nature, circumstances, extent, and gravity of the violations, as well as the violator's culpability, history of prior offenses, ability to pay, and other such matters as justice may require. U. S. v. Rowland, 2003 WL 22319074 (M.D. Fla. July 8, 2003) (citing 47 U.S.C. § 503(b)(2)(D)). Thus, it is far too early in the proceedings for the Court to entertain oral argument on the Defendant's intent and other issues presented by the current action. Consequently, it is respectfully recommended that the Defendant's Motion for a hearing is due to be denied.

Accordingly, it is now

**RECOMMENDED:**

The *Pro Se* Defendant Manuel M. Vasquez's Motion for Clemency and Waiver from the Court (Doc. # 18) construed as a Motion for Hearing should be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this  16th   day of August, 2005.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record